**AEGIS LAW**
Patrick M. Jones (AZ #033248)
222 S. Mill Ave., Suite 800
Tempe, AZ  85281
Tel: (312) 404-3225
Email: pjones@aegislaw.com

and

Caroline Devereux
601 S. Lindbergh Blvd.
Frontenac, MO 63131
Tel: (314) 454-9100
E: CDEVEREUX@AEGISLAW.COM

COUNSEL TO PLAINTIFF

*I.*

# IN THE UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF ARIZONA

| | |
|---|---|
| **45Footwear LLC,** | ) |
| **Plaintiff,** | ) **Case No. 24-** |
| | ) **Judge:** |
| **vs.** | ) **Magistrate:** |
| **The Entities Listed on Schedule A,** | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff files this Complaint for, *inter alia*, trademark infringement, copyright infringement and counterfeiting, copyright infringement, unfair competition and false designation of origin, and cybersquatting, and on personal knowledge as to Plaintiff's own activities and on information and belief as to the activities of others:

**The Parties**

1.      Plaintiff 45Footwear, LLC (the "Plaintiff") is a limited liability company

organized under the laws of the State of Wyoming. Plaintiff is the licensee of pending Trademark application (Serial No. 98619985) adding the category of 015 – Footwear (the "Mark") to the existing TRUMP trademarks, including category 025 – Clothing (U.S. Reg. No. 5,080,397).

2.    Plaintiff is also the licensee of copyright VA 2-393-558 (the "Copyright"), covering six images of the NEVER SURRENDER HIGH TOP SNEAKERS (the "Sneakers").

3.    Copies of the existing, registered TRUMP trademark, the application for the new Mark covering footwear, and the Copyright registration are attached as Exhibit A, which has been filed under seal for the reasons set forth herein.

4.    Plaintiff, through its affiliate and licensor, DTTM Operations LLC, has the valid and exclusive rights to enforce the Mark and Copyright.

5.    Plaintiff sold 1,000 pairs of the limited edition Sneakers directly through its website located at https://gettrumpsneakers.com/. No other party is authorized to use the Mark or the Copyright to sell footwear of any kind.[1]

6.    The Sneakers were assembled in and will ship from the United States; any similar items imported into the United States are not authentic Sneakers.

7.    The Defendant Entities listed on Schedule A (to be filed under seal pending Court

---

[1] A small number of Defendants also sold the TRUMP low-top sneaker (a/k/a the "Red Wave" in red, or the "POTUS 45", in white), which were not limited editions and infringes only the TRUMP trademark and not the copyright. For simplicity, these are including within the defined terms "Sneakers" and are distinguished on Schedule A.

2

order) are believed to be individuals, unincorporated business associations, and business entities who, upon information and belief, reside primarily outside of the United States.

### JURISDICTION AND VENUE

8.     This is an action for trademark and copyright infringement, and unfair competition and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), and "cybersquatting" pursuant the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. §1125(d)(2)(A) (the "ACPA").[2]

9.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1332 and 1338(a) and (b); and 15 U.S.C. §§1116 and 1121.

10.     This Court has personal jurisdiction over Defendants in that they transact business in the State of Arizona, including sales to and/or the targeting of online advertising to consumers located in Arizona, as well as, in many cases, hosting their websites in Arizona, and thus have purposefully availed themselves of jurisdiction in Arizona, and *in rem* jurisdiction over the Defendants to the extent that they maintain websites hosted in this District pursuant to the terms of the ACPA (at set forth in Schedule A, designating infringement as "cyber").

---

[2] For the convenience of the Court and the Defendants, Plaintiff has designated which of the Plaintiff's intellectual property each of the Defendants has infringed on Schedule A. Plaintiff reserves the right to amend Schedule A if it discovers additional evidence of infringement or a clerical mistake.

11.     Venue is proper in this District pursuant to 28 U.S.C. §1391 in that the Defendants are entities or individuals subject to personal jurisdiction in this District. Venue is also proper in the District because a substantial part of the events or omissions giving rise to the claims occurred in this District because Defendants host their websites that conducted the sales of the Sneakers in Arizona, and directly target business activities towards consumers in the State of Arizona.

## BACKGROUND

12.     In early 2024, Plaintiff developed the design of the Sneakers and created a website, www.gettrumpsneakers.com, to sell the Sneakers using the Mark and created and own the rights to the images that are subject to the Copyright. A screenshot of the Plaintiff's website is attached as Exhibit A.

13.     The Mark was first used in commerce on Feb. 17, 2024.

14.     Many of the Defendants conduct their operations through fully interactive commercial websites hosted independently by GoDaddy.com (based in Tempe, AZ), namecheap.com (based in Phoenix, AZ) or similar website-hosting providers, or through various e-commerce sites, such as Shopify, Meta (Facebook and Instagram), YouTube, Amazon, eBay, Wish, Alibaba, Ali Express, Shopify, Shoplazza, etc. (the "Infringing Webstores").

15.     Prior to filing the Complaint, Plaintiff confirmed that each Defendant targets consumers in the United States, including Arizona, with online advertising, has offered to sell and, on information and belief, has sold counterfeit sneakers using the Mark and/or Copyright (the "Counterfeit Sneakers") to consumers within the United States, including Arizona. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

16.     Many of the Defendants do not disclose their identities on their websites and even

in their website registrations by using GoDaddy.com-affiliate Domains By Proxy and/or third party service providers like Withheld for Privacy ehf, and the full scope of their counterfeiting operations in an effort to deter Plaintiff and consumers from learning Defendants' true identities and the exact interworking of Defendants' illegal counterfeiting operations.

17.    Defendants' advertising, marketing, and sale of the Counterfeit Sneakers in violation of Plaintiff's Mark is causing irreparable damage to the Plaintiff, the Mark, and the TRUMP brand. Each of the Defendants named in Schedule A prominently displayed the Mark and/or the Copyright as if they were selling authentic Trump Sneakers.

18.    The creation of the Sneakers is a recent development. Nonetheless, dozens of unlicensed counterfeiters are already selling Counterfeit Sneakers, some of which were recently confiscated by the U.S. Customs and Border Protection, Field Operations, Orlando Trade Enforcement Team, from a shipment that initiated in Vet Nam, as shown here:



19.    Plaintiff has expended substantial time, money, effort, and other resources developing, advertising, and otherwise promoting the Mark and the Copyright to sell the premium, limited edition Sneakers for $399 per pair. Many Defendants are selling Counterfeit

Sneakers for as little as $99, if they are in fact selling any product at all.

20.    The Trump brand has been widely covered by the press as including more than 3,000 trademarks. Upon information and belief, at all times relevant hereto, Defendants in this action have had full knowledge of Plaintiff's ownership of the Mark, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

21.    Prior to filing the Complaint, Plaintiff retained an experienced online fraud investigator who identified businesses and individuals promoting and selling Counterfeit Sneakers before any authentic Sneakers have even been shipped by the Plaintiff.

22.    Plaintiff's counsel reviewed the initial list of potential defendants and excluded any that did not show clear evidence of infringement or did not sell to consumers located in Arizona or use social media to target and/or sell to consumers located in the United States and Arizona.

23.    Defendants' use of the Mark and Copyright in connection with the advertising, marketing, distribution, offering for sale and sale of the Counterfeit Sneakers is likely to cause and has caused confusion, mistake, and deception by and among consumers causing irreparable harming Plaintiff.

26.    Defendants also deceive unknowing consumers by using the Mark and Copyright without authorization within the web addresses, content, text, and/or meta tags of the listings on Infringing Webstores in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches.

27.    Upon information and belief, Defendants will continue to register or acquire domain names and webstores for the purpose of selling Counterfeit Sneakers that infringe the Mark and the Copyright unless they are enjoined by the Court.

28.     Plaintiff has no adequate remedy at law.

## COUNT ONE

### FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT

### (15 U.S.C. §1114)

29.     The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

30.     The Mark and the goodwill of the business associated with it and the Plaintiff's business in the United States and throughout the world are of great and incalculable value. The Mark is highly distinctive and has become universally associated in the public mind with Trump and now, the Sneakers.

31.     Without the Plaintiff's authorization or consent, and having knowledge of the Plaintiff's well-known and prior rights in the Mark and the fact that Defendants' Counterfeit Sneakers are sold using a mark which is identical or confusingly similar to the Mark, the Defendants have manufactured, distributed, offered for sale and/or sold the Counterfeit Sneakers to the consuming public in direct competition with Plaintiff's sale of genuine Sneakers, in or affecting interstate commerce.

32.     Defendants' use of copies or approximations of the Mark in conjunction with the Counterfeit Sneakers is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Counterfeit Sneakers, and is likely to deceive the public into believing the Counterfeit Sneakers being sold by Defendants originate from, are associated with or are otherwise authorized by the Plaintiff, all to the damage and detriment of the Plaintiff's reputation, goodwill and sales.

33.     The Plaintiff has no adequate remedy at law and, if Defendants' activities are not

7

enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT TWO

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. §1125(A))

34.     The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

35.     The Counterfeit Sneakers sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff, i.e., Trump-brand hi top sneakers and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

36.     By misappropriating and using the Marks, genuine product images and trade names, Defendants' misrepresent and falsely describe to the general public the origin and source of the Counterfeit Sneakers and create a likelihood of confusion by consumers as to the source of such merchandise.

37.     Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Counterfeit Sneakers creates express and implied misrepresentations that the Counterfeit Sneakers were created, authorized or approved by the Plaintiff, all to Defendants' profit and to the Plaintiff's great damage and injury.

38.     Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), in that Defendants' use of the Plaintiff's Marks, genuine product images and trade names, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

8

39.     The Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**COUNT THREE**

**COPYRIGHT INFRINGEMENT**

**(17 U.S.C. §106)**

40.     The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

41.     By registering the images with the United States Patent and Trademark Office, Plaintiff is presented *prima facia* evidence that it is the valid owner of the registered copyrights covering the six (6) images of the Product.

42.     Many of the Defendants used identical or substantially similar images that appear to have been copied directly from the Plaintiff's website (www.gettrumpsneakers.com), and that incorporate protected elements of the Plaintiff's copyright. For example:

Image used by Def. #4:                       Plaintiff's Copyrighted Image:



43.     The only place these images could be accessed was on the Plaintiff website. Defendants, however, could simply copied and pasted them, i.e., taken a "screenshot", from the Plaintiff's website, or purchase the images from someone who did.

9

44.     By misappropriating and using the Plaintiff's copyrighted images, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit Sneakers and create a likelihood of confusion by consumers as to the source of such merchandise.

45.     Defendants' unlawful, unauthorized, and unlicensed use of the Plaintiff's copyright-protected images creates express and implied misrepresentations that the Counterfeit Sneakers were created, authorized, or approved by the Plaintiff, all to Defendants' profit and to the Plaintiff's great damage and injury.

46.     Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), in that Defendants' use of the Plaintiff's genuine product images in connection with its Product in interstate commerce, constitutes copyright infringement.

47.     The Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## **COUNT FOUR**
### **(AS TO DEFS. #13, #35 AND #41 ONLY)**
### **CYBERSQUATTING**
### **(15 U.S.C. §1125(D))**

48.     The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

49.     The Registrants of the domain names of Def. #13 and Def. #47 (collectively, the "Cybersquatters") directly incorporate the Mark and are confusingly similar to the legitimate domain name of the Plaintiff: gettrumpsneakers.com.

50.     The Cybersquatters have no legal right to use the Mark.

10

51.     The Cybersquatters have incorporated the Mark into their domain names in bad faith with the willful intent to mislead consumers and to profit from the Mark.

52.     Under the ACPA, Plaintiff is entitled to an order requiring the Cybersquatters' domain registrars to transfer the infringing domain names to Plaintiff's registrar of choice.

53.     As a direct an proximate result of the wrongful conduct described herein, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation and goodwill.

54.     Plaintiff has been required to retain the services of an attorney to pursue its claims and is entitled to its reasonable attorneys' fees and costs incurred in the prosecution of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment against Defendants in favor of the Plaintiff on all counts as follows:

1.     That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

(i)     using the Mark or any reproduction, counterfeit, copy or colorable imitation of the Mark in connection with the distribution, advertising, offer forsale and/or sale of merchandise not the genuine products of the Plaintiff; and

(ii)     passing off, inducing, or enabling others to sell or pass off any Counterfeit Sneakers as genuine products made and/or sold by the Plaintiff; and

(iii)     committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Sneakers are those sold under the authorization, control, or

11

supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

(iv)    further infringing the Mark and damaging Plaintiff's goodwill and competing unfairly with Plaintiff in any manner;

(v)    shipping, delivering, holding for sale, distributing, returning, transferring, or otherwise moving, storing, or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and that bear the Mark or any reproductions, counterfeit copies, or colorable imitations thereof;

(vi)    using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Webstores, listings, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Sneakers;

(vii)    operating and/or hosting websites at the Infringing Webstores and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Plaintiff's Mark or any reproduction, counterfeit copy, or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Mark; and,

(viii)    registering any additional domain names that use or incorporate any of the Mark;

2.    That Defendants, within ten (10) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon the Plaintiff's a written

report under oath setting forth in detail the manner in which Defendants have complied with any and all injunctive relief ordered by this Court;

3.      Entry of an order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any internet search engines, Webstore hosts or their administrators that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of Counterfeit Sneakers using the Mark;

4.      That Defendants account for and pay over to Plaintiff any and all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Mark be increased by a sum not exceeding three times the amount thereof as provided by law as provided by 15 U.S.C. §1117;

5.      In the alternative, that Plaintiff be awarded statutory damages of Two Million Dollars ($2,000,000.00) for each and every use of the Plaintiff's Mark counterfeited by each Defendant and Twenty-five Thousand Dollars ($25,000.00) for each copyright violation;

6.      That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

7.      Grant Plaintiff such other and further legal relief as may be just and proper under the circumstances.

Respectfully submitted,


By: /s/ Patrick M. Jones
        Patrick M. Jones, one of
        the Attorneys for Plaintiff

**AEGIS LAW**

Patrick M. Jones (AZ #033248)
222 S. Mill Ave., Suite 800

1  Tempe, AZ  85281
   Tel: (312) 404-3225
2  Email: pjones@aegislaw.com

3  and

4
   Caroline Devereux
5  601 S. Lindbergh Blvd.
   Frontenac, MO 63131
6  Tel: (314) 454-9100
7  Email: cdevereux@aegislaw.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26